IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT BECKER | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 09-5655 |
| v. | : | |
| CITY UNIVERSITY OF SEATTLE, et al. | : | |
| Defendants. | : | |

July _8_, 2010                                              Anita B. Brody, J.

## I. INTRODUCTION

Plaintiff, Robert Becker ("Becker"), brings this suit against defendants, City University of Seattle ("City University"), one of its professors, Diane Beaudry, and several of its administrative officials[1] asserting violations of his civil rights pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution. Becker alleges that City University placed him in an independent study program in retaliation for Becker's criticism of the University and, in particular, Professor Beaudry and one of her courses. In addition, Becker asserts a *Monell* claim against City University and its officials, in which he argues that the University developed and maintained policies that infringed upon his constitutional rights. Currently before me are City University's Motion to Dismiss for failure to state a claim and Becker's response.

---

[1] Judy Hinrichs, Dean of the School of Education; Melissa Mecham, Vice President of Admissions; Lee Gorsuch, President; and John Does 1-10, employees of City University.

-1-

## II. JURISDICTION AND LEGAL STANDARD

Becker's claims are brought pursuant to 42 U.S.C. § 1983, therefore this Court has jurisdiction under 28 U.S.C. § 1331. According to Fed. R. Civ. P. 12(b)(6), a court must grant a motion to dismiss if the plaintiff fails "to state a claim upon which relief can be granted." "'[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

## III. FACTUAL BACKGROUND[2]

From August 2005 to February 5, 2009, Becker was enrolled in online learning courses offered by City University, a private institution providing higher education. On January 12, 2009, Becker enrolled in "Human Nutrition," an online course taught by Defendant Diane Beaudry. Professor Beaudry distributed all assignments for the course via an online discussion board. Students in the class posted their responses to her assignments on the discussion board where Beaudry and other students in the class could view and comment on them. One particular assignment asked students to discuss the effect of City University generally, and Beaudry's class specifically, on their post-graduation plans. In response, Becker posted that he planned to "run . . . without ever looking back" and to "get out of City U ASAP" after he graduated. Becker also submitted a post describing "Human Nutrition" as a "flub" or "fluff" course.

---

[2] In determining whether to grant or deny City University's motion, I will consider only the facts available from Becker's Second Amended Complaint, in the light most favorable to Becker, the non-moving party. *See Gelman*, 583 F.3d at 190.

Beaudry replied to Becker's post, informing him that she was offended by his posts and viewed them as disrespectful. She told Becker that he was going to receive a poor grade in the course and that she was going to bring him before the school's disciplinary committee. Becker apologized and requested a fresh start. Beaudry refused to accept his apology; after she threatened again to take him before the disciplinary committee, Becker filed a formal complaint against Beaudry with Defendant Judy Hinrichs, Dean of the School of Education at City University. On January 17, 2009, Becker and Beaudry reached some understanding and Becker withdrew his complaint. Following this exchange, Beaudry raised Becker's grade on at least one assignment. Despite this apparent reconciliation, on February 5, 2009, Defendant Melissa Mecham, Vice President of Admissions at City University, notified Becker that Beaudry had lodged a formal complaint against him on January 20, 2009. Becker was informed that he would be removed from the online version of the course and transferred into an independent studies program. He was also told to avoid contact with Professor Beaudry. Becker then refiled his complaint against Beaudry and added a complaint against Mecham. City University rejected Becker's grievances. Becker then initiated this suit on November 30, 2009.

**IV. DISCUSSION**

City University bases its motion to dismiss on the contention that Becker has failed to state a claim for which relief may be granted because he has admitted that City University is a private institution; neither § 1983 nor *Monell* claims may be brought against private entities unless they are acting under the color of state law. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("[T]o state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor."); and *Natale v. Camden*

*County Corr. Facility*, 318 F.3d 575, 581-84 (3d Cir. 2003) (noting that the *Monell* doctrine may apply to private corporations but only if they are performing a municipal function, i.e., acting under the color of state law). Becker argues that a private actor may be subject to § 1983 and *Monell* liability if it adopts a public function or imbues itself with the color of state authority.[3] Despite Becker's best efforts to shoehorn a private actor, in this case City University, into the role of a state actor, his allegations are devoid of sufficient factual content to demonstrate that he can state a claim to relief that is plausible on its face.

The Third Circuit treats § 1983's "under color of law" provision identically to the Fourteenth Amendment's "state action" requirement. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). A private actor's behavior constitutes state action only where there is "'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Id*. (quoting *Leshko*, 423 F.3d at 339). To determine whether this nexus exists, the Third Circuit employs three broad tests:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state;
>
> (2) whether the private party has acted with the help of or in concert with state officials; and
>
> (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Id*. (internal quotation marks omitted) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). Under all three tests, "'the inquiry is fact-specific.'" *Id*. (quoting *Groman v.*

---

[3] Becker fails to allege which state law is applicable.

*Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)). Becker's Second Amended Complaint fails each test.

### A. City University does not exercise powers that are traditionally the exclusive prerogative of the state

Becker argues that City University, a private institution, bears a "state-likeness" because it is "open for public education within a public online forum with enrollment predicated on the payment of tuition." (Pl.'s Sec. Amend. Compl. 7). This allegation is far from sufficient to demonstrate that City University engages in actions that are traditionally under the exclusive control of the state, which is required under the first *Kach* test. *Kach*, 589 F.3d at 646.

The "exclusive state control" test is rarely met. *Id*. at 648 (citing language in *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165 (3d Cir. 2001) that the first "'test imposes a rigorous standard that is rarely satisfied'"). As *Kach* indicates, the leading Supreme Court decision in this area is *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982), a § 1983 action brought by former employees of a private high school that educated "maladjusted" students. *Kach*, 589 F.3d at 646. In its analysis of whether the private school could be considered a state actor, the Court noted that "'the education of maladjusted high school students is a public function' and that state law explicitly provided for that function to be fulfilled." *Id*. at 647 (quoting *Rendell-Baker*, 457 U.S. at 842). Nevertheless, the Court determined that the school was not a state actor because the state legislature's "policy choice" did not make the school's "services the exclusive province of the State." *Rendell-Baker*, 457 U.S. at 842.

Courts have applied *Rendell-Baker*'s logic to higher education, and have widely rejected suggestions, such as Becker's, that a private university imbues itself with the color of state

authority merely by providing higher education.[4]  *See Krohn v. Harvard Law Sch.*, 552 F.2d 21, 24 (1st Cir. 1977) ("[T]he mere offering of an education, regulated by the State, does not imbue [Harvard Law School's] activities with sufficient 'public interest' to render [its] activities governmental in nature."); *Cohen v. Illinois Inst. of Tech.*, 524 F.2d 818, 826 n.24 (7th Cir. 1995) ("We have not overlooked plaintiff's argument that I.I.T., in providing higher educational services, is engaged in a traditionally public function. . . . [T]his argument has been routinely rejected by the courts in private college and university cases."); *Greenya v. George Washington Univ.*, 512 F.2d 556, 561 n.10 (D.C. Cir. 1975) ("[W]e have considered whether higher education constitutes 'state action' because it is a 'public function' . . . and have concluded that it [does] not."); *Fischer v. Driscoll*, 546 F. Supp. 861, 864 (E.D. Pa. 1982) ("Villanova cannot be performing a public function merely because it is engaged in the business of education.").

Becker has failed to identify a single case in which higher education has been deemed a traditional public function, and the Court's own research has verified that none exists.  Moreover, Becker does not even contend that the applicable state law explicitly mandates the provision of higher education.  *See Rendell-Baker*, 457 U.S. at 842 (recognizing that state law explicitly provided for the education of maladjusted high school students).  Consequently, the facts as alleged by Becker are considerably below what is necessary to meet the first *Kach* test.

### B. City University has not acted with the help of or in concert with state officials

Becker also fails to allege sufficient facts to show that City University acted jointly with

---

[4] The provision of higher education includes disciplinary decisions. *See Powe v. Miles*, 407 F.2d 73, 81 (2d Cir. 1968) (rejecting the argument that the state's regulation of educational standards in private universities makes school disciplinary actions state action for the purposes of § 1983).

state officials in carrying out its disciplinary decisions. To state a claim under *Kach*'s second test, a plaintiff must allege that a private institution acted "with the help of or in concert with state officials." *Kach*, 589 F.3d at 646. This "joint participation" analysis follows a two-pronged approach. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1143 (3d Cir. 1995). First, the court must determine "'whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority.'" *Id*. (quoting *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991)). Second, the court must decide "'whether the private party charged with the deprivation could be described in all fairness as a state actor.'" *Id*. (emphasis omitted) (quoting *Edmonson*, 500 U.S. at 620).

Becker's allegations fail under the first prong, which asks "under what authority did the private person engage in the allegedly unlawful acts?" *Id*. at 1144. That is, a court must determine "'whether the private actor . . . was acting in conformity with the law of the jurisdiction'" when it engaged in its alleged violations. *Id*. (quoting Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law* § 16.1 (2d ed. 1992)). For example, in two separate decisions, the Third Circuit found that the University of Pittsburgh, a private higher education institution, could be considered a state actor because Pennsylvania had passed legislation, the University of Pittsburgh-Commonwealth Act ("UPCA"), that gave the state a level of authority over the university. *See Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94 (3d Cir. 1984) and *Braden v. Univ. of Pittsburgh*, 552 F.2d 948 (3d Cir. 1977). Under the terms of the UPCA, Pennsylvania agreed to provide monetary aid to the university on several conditions. *See Braden*, 552 F.2d at 959. For example, while the UPCA requires that Pennsylvania provide the university with annual funding, the funds must be kept in a separate account and used according to state

specifications. *See Krynicky*, 742 F.2d at 102. In addition, the university must provide reports to Pennsylvania's General Assembly and Auditor General detailing the amounts and purposes of its expenditures throughout the fiscal year. Finally, the university's Board of Trustees, one-third of whom are selected by the state, must submit annual reports of all university activities to the Governor and the General Assembly. *Id*.

Becker does not allege that the state had a similar agreement with City University. Rather, his Second Amended Complaint rests on the mere conclusion that City University's actions were "committed under color of state law." (Pl.'s Sec. Amend. Compl. 7). This claim is not sufficient to satisfy the first prong of *Kach*'s second test (i.e., the "joint participation" test), and therefore Becker's Second Amended Complaint fails to state a claim under that test.

### C. The state has not insinuated itself into a position of interdependence with City University

Finally, nothing in Becker's Second Amended Complaint suggests that the state has "insinuated itself into a position of interdependence" with City University, as *Kach*'s third test requires. *Kach*, 589 F.3d at 646. To satisfy this test, the state must have "exercised coercive power or . . . provided such significant encouragement, either overt or covert, that the [challenged activity] must in law be deemed that of the State." *Id*. at 648 (internal quotation marks and emphasis omitted). The focus of this analysis is on "whether the state has exercised control over the *particular conduct* that gave rise to the plaintiff's alleged constitutional deprivation." *Id*. at 649 (emphasis added). Here, the specific conduct giving rise to Becker's Complaint is City University's decision to transfer Becker to an independent studies program.

The Third Circuit has been reluctant to place activities by private universities under the umbrella of state action when confronted with § 1983 claims. *See, e.g.*, *Imperiale v. Hahnemann Univ.*, 966 F.2d 125, 126 (3d Cir. 1992) (finding that Pennsylvania's relationship with Hahnemann was not sufficient to qualify the school's activities as state action). For a court to conclude that a university's activities qualify as state action, the university must be substantially entwined with the state. Such was the case in *Krynicky* and *Braden*, where, as both cases indicate, the UPCA created such substantial connections between the state and the university that the university's actions were fairly attributable to the state. *Krynicky*, 742 F.2d at 94; *Braden*, 552 F.2d at 948. In particular, the state's control over the selection of one-third of the university's trustees demonstrates the level of coercive power necessary to turn a private institution into a state actor. *Krynicky*, 742 F.2d at 102.

Becker's Second Amended Complaint does not show a similar connection between City University and the state. His claim that City University's actions "were committed under color of state law" is unaccompanied by any facts suggesting that the actions were coerced or encouraged by the state. (Pl.'s Sec. Amend. Compl. 7). Becker's "naked assertions" will not withstand a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (2009). Becker's allegations are "devoid of further factual enhancement" pointing to a connection between City University and the state. *Id*.[5] Thus, Becker fails to state a claim under the third and final *Kach* test.

---

[5] *Iqbal*'s standard is particularly appropriate in this case where Becker does not need discovery to establish the sort of facts, such as whether City University is connected to any state by a UPCA-like law, that would allow him to overcome Defendants' Motion to Dismiss.

## V. Conclusion

Without sufficient facts to support his allegations of civil rights violations, Becker's suit cannot proceed.

                                                    s/Anita B. Brody

                                                    _____
                                                    ANITA B. BRODY, J.